**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

                    **Plaintiff,**

    **v.**

**LATOSHA MATHIS,**

                **Defendant.**

             **Case No. 2:07-cr-266**
             **JUDGE EDMUND A. SARGUS, JR.**

**OPINION AND ORDER**

    This matter is before the Court on Defendant Latosha Mathis' Motion for Compassionate Release (ECF No. 73), as supplemented by counsel (ECF No. 75).  For the following reasons, the motions are **DENIED.**

**I.**

    On June 24, 2008, Defendant pleaded guilty to committing a carjacking that resulted in serious bodily injury in violation of 18 U.S.C. § 2119(2) (Count 1), and to using, carrying, and discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 2).  (ECF Nos. 12, 50.)  With another Judge presiding, this Court sentenced Defendant to a 110-month term of imprisonment on Count 1, to run consecutively with a 120-month term of imprisonment on Count 2.  This Court also sentenced Defendant to five years of supervised release on Count 1, to run concurrently with three years of supervised release on Count 2.  (ECF No. 56.)  According to Bureau of Prisons records, Defendant is set to be released on December 19, 2024.

    On November 12, 2020, Defendant filed a pro se Motion for Compassionate Release in light of the COVID-19 pandemic.  (ECF No. 73.)  On February 3, 2021, counsel for the Defendant

filed a supplemental Motion for Compassionate Release.  (ECF No. 75.)  On February 23, 2021 the Government filed a sealed response in opposition.  (ECF No. 78.)  The motion is now ripe for review.

## II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances.  *See United States v. Ruffin*, 978 F.3d 1000, 1003–04 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984).  Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP").  *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence.  The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive

requirements for granting relief." *Ruffin*, 978 F.3d at 1004. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1005. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Defendant moves the Court for a compassionate release. She submitted a request for release to the warden on May 11, 2020, and it was denied on June 3, 2020. (ECF No. 75-1.) More than 30 days have passed; therefore, the Court has the authority to decide his motion for compassionate release. Defendant states that she is HIV positive and that her medical condition places her at an increased risk of complications from COVID-19. (ECF No. 75 at 5.) Defendant's HIV is being addressed through daily medication. (*Id.*; ECF No. 75-1.) She is 47 years old. (ECF No. 78 at 2.)

When an inmate files a motion for compassionate release—as Defendant has done here—the Court has "full discretion to define 'extraordinary and compelling'" and is not bound by the reasons listed in policy statement § 1B1.13. *Jones*, 2020 WL 6817488, at *9. In defining

"extraordinary and compelling," many courts have held that a generalized risk of contracting COVID-19 while incarcerated is not extraordinary and compelling. *United States v. Jent*, No. CR 6:13-026-DCR, 2020 WL 6829760, at *1 (E.D. Ky. Nov. 20, 2020); *see also United States v. Pratt*, No. 16-CR-20677-5, 2020 WL 6382864, at *4 (E.D. Mich. Oct. 30, 2020) (denying compassionate release to a 23-year-old inmate with asthma); *United States v. Cleveland*, No. 1:17-CR-29, 2020 WL 6119416, at *2 (N.D. Ohio Oct. 16, 2020) (denying compassionate release to 37-year-old inmate with Hepatitis C and anxiety). Likewise, "medically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying release[.]" *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).

In this case, Defendant has only demonstrated that she has a generalized risk of contracting COVID-19. Defendant does not suffer from any medical conditions that definitively put her at an increased risk of contracting severe illness from COVID-19. The CDC indicates that individuals with HIV "might be at an increased risk" of contracting a severe case of COVID-19, as opposed to those individuals with conditions who "are at increased risk" of severe illness.[1] The CDC also states, however, that "we believe people with HIV who are on effective HIV treatment have the same risk for COVID-19 as people who do not have HIV . . . ."[2] The evidence in the record suggests that Defendant is being effectively treated. (ECF No. 78-4.) Defendant's medically controlled HIV and the general risk of contracting COVID-19 do not surmount the high bar of

---

[1] CDC, *People with Certain Medical Conditions* (March 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.
[2] CDC, *COVID-19 and HIV* (March 22, 2021), https://www.cdc.gov/hiv/basics/covid-19.html

"extraordinary and compelling" set forth in § 3582(c)(1)(A)(i). *See Pratt*, 2020 WL 6382864, at *4; *Cleveland*, 2020 WL 6119416, at *2.

**IV.**

Accordingly, the Court **DENIES** Defendant Latosha Mathis' Motion for Compassionate Release (ECF No. 73), as supplemented by counsel. (ECF No. 75.)

**IT IS SO ORDERED.**


<u>3/23/2021</u>                    <u>s/Edmund A. Sargus, Jr.</u>
**DATE**                          **EDMUND A. SARGUS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**